UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62125-RAR

**LEVON SUPREME HALL**,

    Plaintiff,

v.

**WANDA TAYLOR DEAS**,

    Defendant.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Levon Supreme Hall's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. In his Complaint, Plaintiff alleges that the Defendant, who happens to be his own mother, falsely "reported to the police" that Plaintiff had committed a robbery and that "she washed some gloves" that had been involved in the alleged robbery. *Id.* at 2. According to Plaintiff, Defendant perjured herself at her deposition and at trial which ultimately led to his acquittal. *Id.* Plaintiff now seeks $5,000.00 in compensatory damages related to the prosecution caused by his mother's false report. *Id.* The Court must dismiss this action, without providing Plaintiff leave to amend, as Defendant was not operating "under color of state law" when she allegedly violated Plaintiff's constitutional rights.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §

1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

After reviewing the facts alleged in Plaintiff's Complaint, the Court concludes that Plaintiff is attempting to bring a "malicious prosecution" claim against Defendant. The Fourth Amendment of the Constitution protects defendants "from an unreasonable search and seizure as a result of a malicious prosecution." *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020). To establish a cognizable malicious prosecution claim under § 1983 "a plaintiff must prove (1) the elements of the common-law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018). The tort can be established if the plaintiff shows that (1) "the suit or proceeding was instituted without

any probable cause," (2) "the motive in instituting the suit was malicious" and (3) "the prosecution terminated in the acquittal or discharge of the accused." *Thompson v. Clark*, 142 S. Ct. 1332, 1339 (2022) (internal quotations omitted).

However, before the Court can analyze the sufficiency of Plaintiff's malicious prosecution claim, it must first answer a threshold question required for all § 1983 suits: was "the alleged [constitutional] depravation . . . committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The scope of § 1983 is purposely limited to "[exclude] from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). A person "acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff concedes that Defendant, his mother, is merely a nurse at "Westside Regional Medical Center"—she is not employed by any local, municipal, or state government. Complaint at 1. Accordingly, Plaintiff cannot sue Defendant under § 1983 because Defendant did not "act under color of state law," even if Defendant's actions ultimately caused Plaintiff to suffer a constitutional violation.

It's true that in <u>very limited</u> circumstances, a private individual (like Defendant) can be liable under § 1983 if her actions can "properly [be] attributed to the state." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). The Eleventh Circuit has identified three tests that have been used "to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Defendant cannot be considered a "state actor" under any of these three tests.

*First*, the "public function" test "limits state action to instances where private actors are performing functions 'traditionally the exclusive prerogative of the state.'" *Focus on the Family*, 344 F.3d at 1277 (quoting *Willis*, 993 F.3d at 840). This is a high bar to clear, as Plaintiff must allege "that the private entity violated his constitutional rights while exercising 'some power delegated to it by the State which is traditionally associated with sovereignty.'" *Allocco v. City of Coral Gables*, 221 F. Supp. 2d 1317, 1374 (S.D. Fla. 2002) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). Here, Plaintiff alleges that Defendant violated his rights by falsely reporting to the police that Plaintiff was involved in a robbery and that she later committed perjury to sustain the prosecution. *See* Complaint at 2. Providing a tip to law enforcement and testifying in a judicial proceeding are not actions within "the exclusive prerogative of the state," and so the public function test clearly does not apply. *See Willis*, 993 F.3d at 840.

*Second*, neither the "state compulsion test" nor the "nexus/joint action test" apply. Both of these "tests" require the plaintiff to show that the private entity defendant and the State worked in concert. The state compulsion test "limits state action to instances where the government 'has coerced or at least significantly encouraged the action alleged to violate the Constitution.'" *Id.* (quoting *Nat. Broad. Co., Inc. v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988)). Similarly, the "nexus/joint action" test is met when the State and private entity are "intertwined in a symbiotic relationship" such that "the State has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) (cleaned up). Plaintiff does not allege that the State had any involvement with Defendant's decision to falsely accuse Plaintiff of a crime. In fact, the Complaint specifically avers that Defendant was spurred to report Plaintiff after she "saw a robbery on the news." Complaint at 2.

Since the State did not coerce Defendant to make a false report and did not enter into a "formal agreement" with Defendant to improperly accuse, charge, and convict Plaintiff, the Court concludes that none of the three "state action" tests apply, and that Defendant did not act "under color of state law" as required by § 1983.[1]

In most instances, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them 'if it appears a more carefully drafted complaint might state a claim upon which relief can be granted' even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, the Eleventh Circuit has recognized three exceptions where "[a] district court need not [ ] allow an amendment: (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies . . . ; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The Court finds that any further amendment of the Complaint would be "futile" since any foreseeable amended complaint "would still properly be dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The only way Plaintiff can properly advance a § 1983 claim against Defendant is to show that she was a *de facto* state actor. However, based on the allegations in the Complaint, Defendant acted independently—and for her own, unidentified personal reasons—

---

[1] The facts in this case are remarkably similar to another case decided by this Court: *Paulk v. Benson*, No. 22-cv-80126, 2022 WL 1238544 (S.D. Fla. Apr. 27, 2022). In *Paulk*, the plaintiff attempted to sue three private citizens under § 1983, alleging that the trio had "purposely made false statements—either to law enforcement or to a jury at Plaintiff's criminal trial—in an apparent attempt to retaliate against Plaintiff[.]" *Id.* at *3. The Court rejected these claims, finding that the three "state action" tests did not apply to these private persons, even though they (like Defendant here) allegedly attempted to engineer a false conviction against the plaintiff. *See id.* at *4 ("Plaintiff fails to allege that [the defendants] reached a formal agreement with any other person or entity to continue lying about Plaintiff's actions . . . in order to sustain Plaintiff's prosecution and ultimately secure a conviction.").

when she purportedly decided to falsely implicate Plaintiff in a robbery. *See* Complaint at 2 ("[Defendant] saw a robbery on the news, and reported to the police it was [Plaintiff] and that she washed from gloves from the crime [for Plaintiff]."). The Court cannot envision additional facts—aside from Plaintiff changing his story completely—which would transform Defendant into a "state actor." Accordingly, the Court will not provide Plaintiff with the opportunity to amend his Complaint.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED** for failing to state a claim upon which relief may be granted. All pending motions are **DENIED** as moot and all deadlines, if there are any, are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of November, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Levon Supreme Hall
      Broward County Jail–North Broward Bureau
      Inmate Mail/Parcels
      P.O. Box 407037
      Ft. Lauderdale, FL 33340
      PRO SE